Collective Exhibit
A

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 24CV-82985 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| MERLEAN GODBOLT | **vs.** THE TJX COMPANIES, INC. D/B/A/ TJ MAXX |

**TO:** (NAME & ADDRESS OF DEFENDANT)

THE TJX COMPANIES, INC. D/B/A/ TJ MAXX

300 Montvue Road c/o CT Corporation Systems
Knoxville TN 37919

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGE-MENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:** (Name, address & telephone number) | **DATE ISSUED & ATTESTED** |
|---|---|
| Jennifer Kathryn Schmieder 114 Cool Springs Blvd Franklin TN 37067 | 11/19/2024      11:50:19 AM |
| | MELISSA HARRELL, Circuit Court Clerk |
| | BY:   /s/ Christine Renda   Deputy Clerk |

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _/s/ Christine Renda_ DEPUTY CLERK

| **TO THE SHERIFF:** Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

| **DATE OF PERSONAL SERVICE:** | |
|---|---|
| | **Sheriff** **BY:** |

Submit three copies: service copy, defendant's copy, file copy.   ADA COORDINATOR (615-494-4480)

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____ _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| **Sworn to and subscribed before me on this** _____ **day of** _____, 20_____. Signature of ❑ Notary Public or ❑ Deputy Clerk _____ My Commission Expires: _____, 20_____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    MELISSA HARRELL, Circuit Court Clerk
Circuit Civil, Room 106
116 W. Lytle Street
Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

MERLEAN GODBOLT,

      **Plaintiff,**

**vs.**

THE TJX COMPANIES, INC. D/B/A TJ
MAXX,

      **Defendant.**

**JURY DEMAND (12)**

**Case No.**

## COMPLAINT

Comes now Plaintiff, Merlean Godbolt, by and through counsel, and hereby files this civil action against The TJX Companies, Inc. d/b/a TJ MAXX based upon the following grounds:

### PARTIES

1. Plaintiff, Merlean Godbolt, is a resident and citizen of Collins, Covington County, Mississippi.

2. Upon information and belief, Defendant The TJX Companies, Inc. d/b/a TJ MAXX (hereinafter referred to as "TJ Maxx") is a for profit foreign corporation licensed to conduct business in the State of Tennessee. Its principal address is 770 Cochituate Road, Framingham, MA 01701. Its registered agent is CT Corporation Systems and may be served at 300 Montvue Rd., Knoxville, TN 37919.

3. The events complained of herein occurred in Rutherford County, Tennessee. Jurisdiction and venue are proper.

### FACTS

4. At all times material hereto, Defendant TJ Maxx owns, operates, oversees, and/or controls a retail chain of "off-price retailer[s] of apparel and home fashions". TJ Maxx has more than 5000 locations globally.

5.    At all times material hereto, Defendant TJ Maxx owned and operated the store located at 1911 Old Fort Parkway, Murfreesboro, Tennessee 37129.

6.    On January 14, 2024, Plaintiff Merlean Godbolt was a customer at Defendant TJ Maxx's 1911 Old Fort Parkway location.

7.    As she placed an item back on the unsecured display stand, the display shifted causing Plaintiff Merlean Godbolt to lose her balance and fall.

8.    Plaintiff Merlean Godbolt lost her balance due to the shifting display stand and sustained injuries.

9.    At all times material hereto, Defendant TJ Maxx had actual and/or constructive notice of the hazardous condition described herein.

10.   Plaintiff Merlean Godbolt was lawfully entitled to be in Defendant TJ Maxx's store on January 14, 2024.

11.   Plaintiff Merlean Godbolt's fall described herein was caused by the negligent acts and/or omissions of Defendant TJ Maxx and its employees and/or agents.

12.   Plaintiff Merlean Godbolt suffered painful injuries and other harms and losses as a result of the incident described herein.

13.   On or around January 14, 2024, Defendant TJ Maxx, through its employees and/or agents allowed a dangerous condition to exist, including an unsecured display stand.

14.   At all times material hereto, Defendant TJ Maxx had the responsibility to properly supervise its employees and/or agents to ensure they never left an unsecured trip hazard on the floor of the store.

15.   At all times material hereto, Defendant TJ Maxx failed to properly supervise its employees and/or agents to ensure they never left a trip hazard on the floor of the store

unattended.

16.    At all times material hereto, Defendant TJ Maxx had the responsibility to properly supervise employees and/ or agents of its stores to ensure they identified and safely removed the trip hazard.

17.    At all times material hereto, Defendant TJ Maxx failed to properly supervise employees and/or agents of its stores to ensure they identified and safely removed the trip hazard.

18.    At all times material hereto, Defendant TJ Maxx had the responsibility to properly supervise employees and/or agents of its 1911 Old Fort Parkway store to ensure they were following proper procedures for making sure display stands were properly secured to the floor.

19.    At all times material hereto, Defendant TJ Maxx failed to properly supervise employees and/or agents of its 1911 Old Fort Parkway store to ensure they were following proper procedures for making sure display stands were properly secured and placed.

20.    At all times relevant, Defendant TJ Maxx had the responsibility to properly train its employees and/or agents to never leave an unsecured display stand.

21.    At all times relevant, Defendant TJ Maxx failed to properly train its employees and/or agents to properly secure the display stands.

22.    The unsecured display stand constitutes a dangerous condition.

23.    Defendant TJ Maxx and/or their agents allowed the display stand to remain unsecured.

24.    Defendant TJ Maxx and/or their agents, employees, or representative were responsible to ensure that no dangerous conditions exist on or around their store.

25.    Defendant TJ Maxx and/or their agents did not take reasonable steps to

remove/address the dangerous condition from their store.

26.     Defendant TJ Maxx and/or their agents did not take reasonable steps to warn its customers of the presence of a dangerous condition in their store.

27.     Defendant TJ Maxx and/or their agents caused the hazardous condition described herein.

28.     Alternatively, Defendant TJ Maxx knew or should have known through the exercise of reasonable diligence that this condition existed on January 14, 2024.

29.     Defendant TJ Maxx, through its employees and/or agents, did not follow proper cleaning protocols at regular intervals. If it had the dangerous condition could have been eliminated.

30.     Had Defendant TJ Maxx been diligent and followed it own policies and procedures requiring display stands to be placed and secured as soon as possible the dangerous and/or hazardous condition could have been eliminated.

31.     Plaintiff Merlean Godbolt did nothing to cause her fall on January 14, 2024.

32.     Defendant TJ Maxx is responsible for causing the incident of January 14, 2024, in which Plaintiff Merlean Godbolt suffered painful injuries.

33.     It was foreseeable that the dangerous condition described herein would cause the type of harm and damages suffered by Plaintiff Merlean Godbolt.

34.     Defendant TJ Maxx had a duty to maintain and provide a safe environment for Plaintiff Merlean Godbolt and all similar individuals on its premises.

35.     Defendant TJ Maxx failed to maintain and provide a safe environment on its premises immediately before the incident described herein.

36.     Defendant TJ Maxx had a duty to professionally train its employees to avoid

creating hazardous and/or dangerous conditions on its premises.

37. Defendant TJ Maxx failed to professionally train its employees to avoid creating hazardous and/or dangerous conditions on its premises.

38. Defendant TJ Maxx had a duty to professionally train its employees to identify and eliminate hazardous conditions which could endanger guests and customers on its premises.

39. Defendant TJ Maxx failed to professionally train its employees to identify and eliminate hazardous conditions which could endanger guests and customers on its premises.

40. Defendant TJ Maxx had a duty to warn Plaintiff Merlean Godbolt of the dangerous condition on January 14, 2024.

41. Defendant TJ Maxx failed to warn Plaintiff Merlean Godbolt of the dangerous condition immediately before the incident described herein.

42. Defendant TJ Maxx had a duty to remove the dangerous condition described herein on January 14, 2024.

43. Defendant TJ Maxx failed to remove the dangerous condition immediately before the incident described herein.

44. As a direct and proximate result of Defendant TJ Maxx's negligent acts and/or omissions described herein, Plaintiff Merlean Godbolt suffered painful injuries and other harms and losses.

45. The medical expenses incurred by Plaintiff Merlean Godbolt due to the negligent acts and/or omissions of Defendant TJ Maxx are reasonable and necessary medical expenses.

## NEGLIGENCE and NEGLIGENCE *PER SE*

46. Plaintiff incorporates by reference all allegations contained elsewhere in this Complaint.

47. Defendant TJ Maxx owed a duty of reasonable care to Plaintiff Merlean Godbolt.

48. Based on the events described above, Defendant TJ Maxx breached the legal duty of reasonable care to Plaintiff Merlean Godbolt and was negligent in one or more of the following ways in that it:

    a. Failed to maintain a safe environment at its premises;

    b. Created a hazardous condition;

    c. Failed to correct, remedy, or repair a hazardous condition it created and/or for which it had actual and/or constructive knowledge;

    d. Failed to warn of a hazardous condition; and

    e. Failed to remove a hazardous condition.

49. Defendant TJ Maxx has breached the legal duty of reasonable care by negligent maintenance and negligent method of operation.

50. Defendant TJ Maxx is vicariously liable for the negligent acts and/or omissions described herein by its employees pursuant to the doctrine of *respondeat superior*.

51. Defendant TJ Maxx is vicariously liable for the negligent acts and/or omissions of Defendant TJ Maxx's agents described herein because TJ Maxx's agents were acting within the course and scope of their agency, and with the knowledge, permission, consent and for the benefit of this Defendant.

52. Defendant TJ Maxx breached its legal duty of reasonable by violating certain industry standards for safe walking surfaces, including but not limited to:

    a. **ASTM F1637** – Standard Practices for Safe Walking Surfaces;

    b. **ASTM F1694** – Standard Guide for Composing Walkway Surface Investigation, Evaluation and Incident Report Forms for Slips, Stumbles, Trips, and Falls;

    c. **ANSI A137**.1 – Minimum standards for coefficient of friction on tile surfaces;

d. **Life Safety Code – 7.1.6.4 - Slip Resistance**. Walking surfaces shall be slip resistant under foreseeable conditions.

e. **Life Safety Code – A.7.1.6.4** – The foreseeable slip conditions are those that are likely to the be present at the location of the walking surface during the use of the building or area; and

f. **Provisions of the International Building & Fire Codes – 1003.4 Floor Surface –** Ceramic tile shall conform to the requirements of ANSI A137.1

53. As a direct and proximate result of Defendant TJ Maxx's negligent acts and/or omissions and violations described above, Plaintiff Merlean Godbolt suffered painful bodily injuries and other damages.

54. The medical expenses incurred by Plaintiff Merlean Godbolt due to the negligent acts and/or omissions of the Defendant are reasonable and necessary medical expenses.

## DAMAGES

55. Plaintiff incorporates by reference all allegations contained elsewhere in this Complaint.

56. As a direct and proximate result of Defendant's negligent acts and/or omissions as indicated above, Plaintiff Merlean Godbolt sustained harms and losses to her body.

57. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff Merlean Godbolt has become liable for certain medical expenses related to the injuries suffered from the incident described herein.

58. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff Merlean Godbolt is entitled to recover damages from one or more of the Defendants for the following:

a). Any and all applicable special damages or **Economic Damages** as defined by ***Tenn.***

*Code Ann. § 29-39-101(1)*; and

b). Any and all applicable **Noneconomic Damages** as defined by *Tenn. Code Ann. § 29-39-101(2)*.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiff brings this civil action against Defendant TJ Maxx and demands judgment for compensatory damages for a fair and reasonable sum to be determined by a jury of twelve (12) peers under the law and evidence. Plaintiff further demands a jury of twelve (12) peers under the law and evidence and any such general relief to which he may be entitled. Plaintiff further demands any such general relief to which they may be entitled.

Respectfully submitted,

**GRIFFITH LAW, P.L.L.C.**

*Jennifer Schmieder*

**Jennifer Schmieder, #041326**
**Jonathan L. Griffith, #19405**
**Attorneys for the Plaintiff**
**114 Cool Springs Boulevard**
**Franklin, TN 37067**
**jennifer@griffithinjurylaw.com**
**(615) 807-7900**

| STATE OF TENNESSEE<br>16th JUDICIAL DISTRICT<br>CIRCUIT COURT | **SUMMONS** | **CASE FILE NUMBER**<br>24CV-82985 |
|---|---|---|

| **PLAINTIFF**<br><br>MERLEAN GODBOLT | **DEFENDANT**<br>vs.<br>THE TJX COMPANIES, INC. D/B/A/ TJ MAXX |
|---|---|

**TO: (NAME & ADDRESS OF DEFENDANT)**

THE TJX COMPANIES, INC. D/B/A/ TJ MAXX

300 Montvue Road c/o CT Corporation Systems
Knoxville TN 37919

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:**<br>(Name, address & telephone number)<br><br>Jennifer Kathryn Schmieder<br>114 Cool Springs Blvd<br><br>Franklin TN 37067 | **DATE ISSUED & ATTESTED**<br>11/19/2024      11:50:19 AM<br><br>MELISSA HARRELL, Circuit Court Clerk<br><br>BY: _____ /s/ Christine Renda _____ Deputy Clerk |
|---|---|

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____ /s/ Christine Renda _____ DEPUTY CLERK

| **TO THE SHERIFF:**<br>Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED**<br><br>**Sheriff** |
|---|---|

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

| **DATE OF PERSONAL SERVICE:** | **Sheriff**<br>**BY:** |
|---|---|

Submit three copies: service copy, defendant's copy, file copy.    **ADA COORDINATOR (615-494-4480)**

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _19th_ day of _November_, 20 _24_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case #_24CI-82985_ to the defendant _The TJX Companies, Inc_, on the _22nd_ day of _November_, 20 _24_. I received the return receipt, which has been signed by _Samantha S. (illegible)_ on the _3rd_ day of _December_, 20 _24_. The return receipt is attached to this original summons to be filed by the Clerk of Court.

Sworn to and subscribed before me on this _____

day of _____, 20_____.

Signature of ☐ Notary Public or ☐ Deputy Clerk

_____

My Commission Expires: _____, 20_____.

Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process.

_Jennifer Schmieder_

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:     MELISSA HARRELL, Circuit Court Clerk
                  Circuit Civil, Room 106
                  116 W. Lytle Street
                  Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TJX Co. Inc.
300 Montvue Rd.
Knoxville, TN 37919

9590 9402 8548 3186 3612 78

2. Article Number *(Transfer from service label)*

9589 0710 5270 0505 1519 14

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ NOV 22 2024

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

IN THE CIRCUIT COURT OF RUTHERFORD COUNTY, TENNESSEE

| | | |
|---|---|---|
| MERLEAN GODBOLT, | ) | |
| | ) | DOCKET NO: 24CV-82985 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TJX COMPANIES, INC. d/b/a | ) | |
| TJ MAXX, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF APPEARANCE

COMES now Alaric A. Henry and the law firm of Luther-Anderson, PLLP and enters an appearance on behalf of the Defendant, The TJX Companies, Inc. d/b/a TJ Maxx, in the above-styled case providing they are properly served and before the Court.

Respectfully submitted,

**LUTHER - ANDERSON, PLLP**

BY: */s/ Alaric A. Henry*
ALARIC A. HENRY, BPR# 14885
*Attorneys for TJX Companies*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following named person with a true and exact copy of this Notice of Appearance by placing same in the United States Mail, and via email addressed to said counsel at their office with sufficient postage thereupon to carry the same to its destination at the following address:

Jennifer Schmieder
Jonathan L. Griffith
Griffith Law PLLC
114 Cool Springs Blvd.
Franklin, TN 37067

This 18th day of December, 2024.

LUTHER - ANDERSON, PLLP

BY: /s/ Alaric A. Henry

IN THE CIRCUIT COURT OF RUTHERFORD COUNTY, TENNESSEE

| | | |
|---|---|---|
| MERLEAN GODBOLT, | ) | |
| | ) | DOCKET NO: 24CV-82985 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TJX COMPANIES, INC. d/b/a | ) | |
| TJ MAXX, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

COMES now the Defendant, The TJX Companies, Inc. d/b/a TJ Maxx, and for answer to the Summons and Complaint avers as follows:

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. The Defendant is without information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint.

3. The allegations of Paragraph 2 of the Complaint are admitted.

4. Upon information and belief, the allegations of Paragraph 3 of the Complaint are admitted.

5. It is admitted as alleged in Paragraph 4 of the Complaint that the TJX Companies operates various TJ Maxx Stores.

6. It is admitted that TJX operated the store on 1911 Old Fort Parkway, Murfreesboro, Tennessee as alleged in Paragraph 5 of the Complaint.

7. The Defendant is without information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint as stated.

8.     The Defendant is without information sufficient to admit or deny the allegations of Paragraph 7 of the Complaint as stated.

9.     The Defendant is without information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint as stated.

10.    The allegations of Paragraph 9 of the Complaint are denied.

11.    The allegations of Paragraph 10 of the Complaint are admitted.

12.    The allegations of Paragraph 11 of the Complaint are denied.

13.    The Defendant is without information as to the extent of Plaintiff's damages as alleged in Paragraph 12 the Complaint and strict proof thereof is demanded.

14.    The allegations of Paragraph 13 of the Complaint are denied.

15.    The allegations of Paragraph 14 of the Complaint are denied, particular in light of the fact that there are not even any allegations about any trip hazards.  As it relates to T.J. Maxx employees as the law indicates they have only the responsibility as to known hazards.

16.    The allegations of Paragraph 15 of the Complaint are denied.

17.    The allegations of Paragraph 16 the Complaint are denied as stated as there was no actual or alleged trip hazards as described in the Complaint and further as the law states responsibility of the Defendants only relates to known conditions on the premises.

18.    The allegations of Paragraph 17 of the Complaint are denied.

19.    The allegations of Paragraph 18 the Complaint are denied.

20.    The allegations of Paragraph 19 of the Complaint as stated are denied.

21.    The allegations of Paragraphs 20 through 23 of the Complaint as alleged are denied.

22.    The allegations of Paragraph 23 of the Complaint as stated are denied as it implies that there is some legal duty to permanently affix any display to the floor.

2

23. The allegations of Paragraph 24 the Complaint as stated are denied as the law requires warning or repair only of known hazards.

24. The allegations of Paragraph 25 of the Complaint are denied.

25. The allegations of Paragraphs 26 through 29 of the Complaint are denied.

26. The allegations of Paragraph 30 of the Complaint as stated are denied.

27. The allegations of Paragraph 31 of the Complaint upon information and belief are denied.

28. The allegations of Paragraphs 32 and 33 of the Complaint as stated are denied.

29. The allegations of Paragraphs 34 and 35 of the Complaint are denied as stated, as it does not properly state the law or duties in Tennessee which is to warn or correct known hazards on the premises.

30. The Defendant is without information sufficiently to admit or deny the allegations of Paragraphs 36 through 39 of the Complaint as to what Plaintiff believes is "professionally trained". There is so no such legal duty under the law but only to avoid creating known hazards and warning of known dangers and exercise reasonable care.

31. The allegations of Paragraphs 40 through 43 of the Complaint are denied as stated as no such known dangerous condition existed on the premises.

32. The allegations of Paragraphs 44 and 45 of the Complaint are denied as stated.

33. The Defendant incorporates by reference all of its prior defenses in response to Paragraph 46 of the Complaint.

34. The Defendant admits in part as generally discussed in Paragraph 47 of the Complaint, of obligations of reasonable care so as to not create hazards and of warning of known hazards on the premises.

35. The allegations of Paragraphs 49 through 54 of the Complaint are denied.

3

36.    The Defendant incorporates by reference all of its prior defenses in response to Paragraph 55 of the Complaint.

37.    The allegations of Paragraphs 56 through 58 of the Complaint are denied.

38.    It is averred upon information and belief that the Plaintiff may have been negligent in looking out for her own safety by not being attentive of whether a display was completely stationary or not before leaning and/or sitting on a piece of display furniture on a platform display causing her injury. As a result, the Plaintiff is barred from recovery under the doctrine of comparative fault and comparative negligence.

38.    Any and all allegations of the Complaint not heretofore admitted, denied, controverted, placed at issue, or otherwise explained are hereby denied as though specifically denied herein.


Now having answered as fully and completely as required by law, this defendant prays to be hence dismissed with the costs to be taxed against the plaintiff and further, the defendants request a jury of twelve (12) to try the issues when joined.

Respectfully submitted,

**LUTHER - ANDERSON, PLLP**


BY:   /s/ Alaric A. Henry
ALARIC A. HENRY, BPR# 14885
*Attorneys for TJX Companies*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com

4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following named person with a true and exact copy of this Answer by filing electronically and said counsel will receive a copy via electronically through Rutherford County efiling system:

        Jennifer Schmieder
        Jonathan L. Griffith
        Griffith Law PLLC
        114 Cool Springs Blvd.
        Franklin, TN 37067

This 18th day of December, 2024.

                             LUTHER - ANDERSON, PLLP

                    BY: */s/ Alaric A. Henry*

5